UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DOUG STINSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:14CV139 SNLJ |
| | ) | |
| DUNKLIN COUNTY JUSTICE CENTER, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Doug Stinson, an inmate at the Dunklin County Justice Center ("Justice Center"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $7.00. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will require plaintiff to file a second amended complaint.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $35.00, and an average monthly balance of less than $35.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. In his amended complaint, sues Bob Holder (Sheriff, Dunklin County), Wally Pointer (Chief Deputy), Nicole Green (Administrator), Tammy Fraine (Assistant Administrator), Christy Preston (Correctional Officer), Connor Hanson (Correctional Officer), Kyle Simms (Correctional Officer), Dr. Haq (Physician), Ashely Grisham

(Nurse), Dave Pierce (Correctional Officer), Ryan Wilson (Correctional Officer), and Roy Cato (Maintenance Technician).

Plaintiff alleges that on February 10, 2014, he tripped on a piece of loose flooring as he was stepping out of the shower and fell. He says defendant Pierce saw him fall. And he claims that the floor was fixed by defendant Cato.

On February 21, 2014, says plaintiff, he tripped again over the same piece of flooring. He asserts that he hit his head on the corner of a table, which caused him to lose eyesight and hearing as well as turning half of his face numb.

Plaintiff alleges that he asked defendant Simms to send him to the emergency room but that Simms refused. Plaintiff says Simms's supervisor, defendant Green, also refused the request.

On the following day, plaintiff was taken to the hospital. Plaintiff says defendant Haq ordered that he only be checked for fractures. Plaintiff was given crutches and a temporary cast, in part as a result of previous injuries sustained in a car accident. A day or two later, defendant Haq examined plaintiff and told him he was healed, taking the crutches and cast away. Plaintiff maintains that he asked Haq to give him tests for the numbness in his face but Haq said the tests were too expensive.

Plaintiff avers that he continues to have damage to his eyesight and hearing as well as nerve damage in his face.

Plaintiff's only allegations against the remaining defendants are that they denied his grievances.

## Discussion

The complaint does not state whether plaintiff is suing defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is

suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Claims of negligence are not actionable under § 1983. As a result, plaintiff's claims against defendant Cato fail as a matter of law.

"Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). Therefore, plaintiff's allegations regarding the denial of grievances do not state a plausible claim for relief.

Because plaintiff is proceeding pro se, and because his claims against defendants Simms, Green, and Haq appear to have merit, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint.

If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $7.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, the Court may dismiss this action without further proceedings.

Dated this 16th day of October, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE