# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DOUG STINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:14CV139 SNLJ |
| DUNKLIN COUNTY JUSTICE CENTER, et al., | ) ) ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's second amended complaint. Under 28 U.S.C. § 1915(e), the Court must review the complaint and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon review of the second amended complaint, the Court finds that it fails to state a claim upon which relief can be granted, and therefore the Court will summarily dismiss this action.

Plaintiff, a prisoner, brings this action under 42 U.S.C. § 1983 against several officials at the Dunklin County Justice Center for medical mistreatment. The Court previously reviewed plaintiff's amended complaint under 28 U.S.C. § 1915(e) and found it to be defective for several reasons. First, plaintiff brought only official-capacity claims against the defendants, but he did not allege that a municipal policy or custom led to his injuries. The Court also found that plaintiff's allegations sounded in negligence and that he had failed to show that each of the defendants was directly responsible for his injuries. So, the Court instructed plaintiff to cure these deficiencies in a second amended complaint. The Court specifically instructed plaintiff that if he wished to sue defendants in their individual capacities, he must specifically say so in the complaint.

In his second amended complaint and its supplement, plaintiff explicitly sues defendants in their official capacities only. He again fails to allege that a municipal policy or custom caused his injuries. As a result, the complaint fails to state a claim upon which relief can be granted. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.); Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978) (To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.). Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pled.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 4th day of November, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE